**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | |
|---|---|
| JAMES W. DETMER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 07-4177-CV-C-SOW |
| CHARLENE COE GILMORE, et al., | ) ) ) |
| Defendants. | ) |

### REPORT, RECOMMENDATION AND ORDER

Plaintiff James Detmer, an inmate confined at Fulton State Hospital (FSH), a Missouri mental institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Pending before the court are numerous miscellaneous motions filed by plaintiff, and a motion to dismiss filed by defendants, to which plaintiff has filed multiple responses.

Plaintiff's original complaint seeks monetary and injunctive relief on his claims that defendants are violating his First Amendment rights by censoring his outgoing and incoming mail; by denying him receipt of the publication, "Pacific Island Connection," which advertises mail-order brides; and by confiscating his outgoing mail in which plaintiff identifies himself as a financial advisor.

On December 19, 2007, plaintiff filed a notice advising he was relinquishing his claims regarding his investment advisor mailings. Therefore, plaintiff's remaining claim is his challenge to the censoring of his incoming mail, specifically the denial of the mail-order bride publication.

In support of their motion to dismiss, defendants argue that plaintiff fails to allege sufficient facts against defendant Britten to state a claim under section 1983, and that the facts

alleged against defendant Gilmore fail to state a claim on which relief may be granted under section 1983.

In support of his claims, plaintiff states Gilmore screens his mail greater than is necessary and denies him receipt of certain publications. Plaintiff alleges that although Gilmore was told (by a doctor at FSH) to screen all of plaintiff's mail, the screening was specific to three entities only: Leslie Whitson, Linda Hartman and anyone at Wood Oaks Nursing Home. Plaintiff alleges that Gilmore has improperly enlarged the screening from this readily identifiable group of individuals to screening all mail to and from all persons.

Plaintiff states his claims against Britten regard her role as a patient advocate, and that in such position, she has denied him the opportunity to appeal his grievances regarding the restrictions on his mail. Plaintiff alleges that Britten follows along with Gilmore in unnecessarily screening and denying him mail.

At the motion-to-dismiss stage, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

Upon review of plaintiff's claims against Britten, this court finds that, pursuant to the requirements of federal notice pleading, plaintiff's claims against Britten are sufficient to proceed. Further, plaintiff's claims against defendant Gilmore are also sufficient to proceed at this stage in the proceedings. Thornburgh v. Abbott, 490 U.S. 401 (1989), sets forth the standard by which restrictions on institutionalized persons' mail are reviewed. Restrictions on incoming mail are analyzed under the standard set forth in Turner v. Safley, 482 U.S. 78, 89 (1987). Thornburgh, 490 U.S. at 413. Turner provides that restrictions are "valid if they are reasonably related to legitimate penological interests." Thornburgh, 490 U.S. at 413 (quoting Turner, 482 U.S. at 89). Turner identified the following factors as relevant to the reasonableness inquiry: (1) whether the underlying governmental objective is legitimate and that the restrictions are rationally related to that objective; (2) whether there are alternative

means of exercising the right that remain open to the inmates; (3) impact that accommodation of the asserted constitutional right will have on others in the prison; (4) whether obvious, easy alternatives are available. Thornburgh, 490 U.S. at 414-18. At the motion-to-dismiss stage, this court cannot say plaintiff can prove no facts in support of his claims challenging the restrictions on his mail as violating his First Amendment rights. Further, facts outside plaintiff's pleadings are necessary for a determination to be made as to the reasonableness of the restrictions on his mail, and therefore, the issues in this case are more appropriately addressed at summary judgment. Additionally, in order to determine the applicability of qualified immunity, this court must decide first, whether defendants' conduct violated plaintiff's constitutional rights. Saucier v. Katz, 533 U.S. 194, 201 (2001) (two-part analysis to be used when determining whether defendants are entitled to qualified immunity: (1) do the facts alleged show the officer's conduct violated a constitutional right?, and if yes, (2) was the right clearly established"?). Because this court is unable to make a determination at this stage in the proceedings as to the reasonableness of the restrictions, this court also cannot make a determination as to the constitutionality of the restrictions. Therefore, the application of qualified immunity cannot be made at this point in the case. Defendants' motion to dismiss for failure to state a claim should be denied, and their motion to dismiss on qualified immunity grounds should be denied, without prejudice.

On December 19, 2007, plaintiff filed a motion to amend his complaint, stating he wants his complaint to reflect greater specifics and to join additional parties. Rule 15 of the Federal Rules of Civil Procedure provides that after a responsive pleading has been filed (as in this case), a party may amend his complaint only with the opposing parties' written consent, or with leave of the court. Leave to amend is to be granted freely when justice so requires. Here, plaintiff has not obtained the consent of defendants. Further, without a copy of plaintiff's proposed amendment to his complaint, this court cannot determine whether justice so requires granting him leave to amend. Therefore, plaintiff's motion to amend is denied, without prejudice. If plaintiff wishes to amend his complaint, he must either obtain consent of defendants or submit a motion to the court which must include his proposed amended complaint for review by the court.

3

Plaintiff has filed numerous motions complaining he does not have access to a full law library, and thus, has been hindered in his pursuit of this case. Plaintiff alleges he needs a full library with all necessary legal books, and that Fulton State Hospital's provision of on-line legal services, such as Findlaw, Westlaw and Lexus, are insufficient because he is computer illiterate and FSH staff charged with assisting him cannot find the case law he needs using such resources. Plaintiff states he has been able to pursue his claims only as a result of his purchasing a book titled, "The Prisoner's Guide to Survival," and access to public libraries which have provided him copies of case law. Despite plaintiff's allegations, however, he continues to file copies of case law, and is able to cite legal authority in support of his claims and numerous motions seeking relief.

Upon review, the court finds no basis for granting plaintiff's numerous motions regarding his access to courts. Plaintiff concedes he has access to legal resources and assistance from librarians, but seeks full access to all legal books and authorities he believes are necessary to pursue his claims. The Supreme Court, in Bounds v. Smith, 430 U.S. 817 (1977), and Lewis v. Casey, 518 U.S. 343 (1996), set forth the standard for analyzing prisoners' access-to-courts claims. The court in Bounds provides that the Fourteenth Amendment only guarantees the right of access to courts, but does not create an independent right of access to a law library or legal assistance. Casey, 518 U.S. at 351. Rather, prison law libraries and legal assistance programs are merely acceptable methods to achieve the goal of assuring meaningful access to courts. Id. To meet the constitutional requirement of access to court, an institution need only ensure "a reasonably adequate opportunity to present claimed violation of fundamental constitutional rights." Id. (quoting Bounds, 430 U.S. at 825). Because Bounds did not create an abstract freestanding right to a law library or legal assistance, to state a claim of denial of access to courts, a plaintiff must show actual injury to a pending or contemplated legal claim. Casey. 518 U.S. at 351-55. Thus, for plaintiff to state a claim that FSH's lack of a law library or legal assistance program violates his rights, he must assert that he has suffered an actual injury to a pending or contemplated legal claim. Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996) (citing Casey, 518 U.S. at ___, 116 S. Ct. at 2180).

Here, plaintiff's claims regard allegations that FSH patients have sub-par access to legal resources and assistance programs. Plaintiff concedes, however, that he does have access to Findlaw, Westlaw and Lexus on-line, and has used such resources, as well as had the assistance of FSH staff and several public libraries in researching his legal claims. Although plaintiff may not be getting full access to all the legal resources he desires, and has been frustrated in locating some materials with the on-line legal resources, he clearly had access to some legal materials and assistance sufficient to bring his claims in the instant action. Resources for litigating effectively once in court or multiple legal resources for researching claims are not constitutionally required. Casey, 518 U.S. at 354-55. An inmate need only be able to vindicate basic constitutional rights in civil actions. Id. Plaintiff's claim that he wants to have full access to a law library with expansive legal resources in print fails to allege that he is being denied access to courts. See id. at 355 (access to courts only requires being provided the necessary information to challenge conditions of confinement; impairment in any other litigating capacity is simply incidental consequences of confinement). Further, plaintiff's allegations that he would have filed his claims in the instant case earlier had he had adequate legal resources fail to state actual injury. Plaintiff's claims are not hindered by any alleged delay in filing them. Finally, the court notes plaintiff has made in excess of one hundred filings in this case, and has filed a motion for writ of mandamus with the United States Court of Appeals for the Eighth Circuit since the original filing date of his complaint on August 29, 2007. Plaintiff clearly has access to this court and the Eighth Circuit Court of Appeals and has had the opportunity to research his legal claims. Plaintiff's multiple motions seeking various relief regarding his allegations of denial of access to courts should be denied.

Plaintiff's motion of November 30, 2007, although titled motion for summary judgment and declaratory and injunctive relief, is, in fact, a response to the motion to dismiss filed by defendants and provides no basis for determining a grant of summary judgment or declaratory or injunctive relief. The motion, therefore, should be denied.

Plaintiff's November 28, 2007 filing requested appointment of counsel. Plaintiff is not proceeding in forma pauperis under the provisions of 28 U.S.C. § 1915. Plaintiff is advised

5

Case 2:07-cv-04177-SOW   Document 133   Filed 02/28/08   Page 5 of 7

that because he is not proceeding in forma pauperis, this court has no statutory power under section 1915 to appoint counsel to represent him.

Further, the issues in plaintiff's complaint are not complex and at this early stage in the proceedings, the court does not deem it necessary to appoint counsel. Plaintiff's claims are yet subject to challenge by defendants' dispositive motions. This court very rarely appoints counsel to plaintiffs who are not proceeding in forma pauperis. These claims are not sufficiently complex to warrant doing so here.

Plaintiff' December 13 and 20, 2007 filings, although titled motions, appear to only reassert his claims, and do not merit action by the court and are denied.

Plaintiff has also filed a couple of miscellaneous motions, including a motion asserting his moral character, and requesting defense counsel to reread plaintiff's objections to the motion to dismiss. There is no basis for granting these motions, and they are denied.

In light of this instant Report and Recommendation, plaintiff's motion for an order on deadlines regarding pending motions is moot. Plaintiff's motion for writ of mandamus was denied by the Eighth Circuit Court of Appeals and, therefore, is also moot. Plaintiff's motion for a copy of the local rules has already been addressed by the clerk of court and is moot.

IT IS, THEREFORE, ORDERED that plaintiff's motions for order on deadlines, for writ of mandamus, and for copies of the local rules are denied as moot. [62, 77, 78] It is further

ORDERED that plaintiff's motions asserting his moral character and requesting defense counsel to reread plaintiff's objections to the motion to dismiss are denied. [35, 54] It is further

ORDERED that plaintiff's motions of November 30 and December 13 and 20, 2007, are denied. [ 32, 38, 54] It is further

ORDERED that plaintiff's motion for appointment of counsel is denied, without prejudice. [26] It is further

ORDERED that plaintiff's December 19, 2007 motion to amend is denied, without prejudice. [43] It is further

RECOMMENDED that plaintiff's motions seeking relief regarding allegations of denial of access to courts be denied. [24, 30,33, 34, 39, 65, 69, 90,91, 94] It is further

RECOMMENDED that defendants' motion to dismiss be denied. [17]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 28th day of February, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge