# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | |
|---|---|
| JAMES W. DETMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07-4177-CV-C-SOW |
| | ) |
| CHARLENE COE GILMORE, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

On January 25, 2008, plaintiff Detmer filed a motion for partial summary judgment. He asks the court to enter judgment on his claims that (1) defendant Coe-Gilmore held his outgoing mail, (2) relate to the Prison Literacy Project and twelve letters, and (3) he was denied the right to take college courses by mail. Plaintiff did not submit a statement of uncontroverted facts, has not supported his motion with any evidence and has not cited case law showing he is entitled to judgment based upon the legal issues.

In response, defendants note plaintiff previously relinquished his claim regarding the investment advisor mailings (number 1 above) so that claim is no longer pending. Defendants also assert plaintiff has failed to meet his burden of proof.[1]

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L. R. 72.1.

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

Plaintiff has not come forward with a statement of facts or other admissible evidence which demonstrate there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. As the moving party, he bears that burden. In the absence of a statement of facts and some support in the record, the court cannot ascertain what material facts are not genuinely at issue. See generally Fed. R. Civ. P. 56 and L. R. 56.1.

Accordingly, it is

RECOMMENDED that plaintiff's motion of January 25, 2008, for partial summary judgment be denied. [93]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 2nd day of July, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge